NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREA NICOLE COSTELLO, | No. 21-16840 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01752-APG-BNW |
| v. | |
| GLEN WOOD COMPANY, DBA Wood Brothers Racing, a foreign corporation; TRAVIS ALEXANDER, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC, | |
| Defendant, | |
| v. | |
| SPEEDWAY MOTORSPORTS, LLC; et al., | |
| Third-party-defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted December 9, 2022

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and RESTANI,[**] Judge.

Andrea Costello appeals the district court's grant of summary judgment on her negligence and gross negligence claims in favor of Glen Wood Company, DBA Wood Brothers Racing, and Travis Alexander. As the parties are familiar with the facts, we do not recount them in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *MacIntyre v. Carroll Coll.*, 48 F.4th 950, 954 (9th Cir. 2022) (citation omitted). "We view the facts and reasonable inferences drawn from the facts in the nonmovant's favor." *Id.* The moving party is entitled to summary judgment upon showing that no genuine issue of material fact exists and that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Federal courts sitting in diversity must apply the choice-of-law rules of the forum state. *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (citation omitted).

First, under Nevada law, the choice-of-law provision identifying Florida law in the waiver agreement Costello signed was valid. Nevada's choice-of-law principles generally permit choice-of-law provisions so long as: (1) the parties

---

[**] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

acted in good faith; (2) were not evading Nevada law; (3) the chosen state's law had a substantial relation with the transaction; and (4) the agreement was not contrary to Nevada public policy. *See Progressive Gulf Ins. Co. v. Faehnrich*, 130 Nev. 167, 171 (2014) (citation omitted). The waiver agreement clearly identified that Florida law controlled, and Costello presented no evidence that the waiver was made in bad faith or with the intent to evade Nevada law. Florida had a substantial relationship with the contract because NASCAR is headquartered in Florida and sponsored the race where Costello's injury occurred. Thus, Florida law applies to interpreting the waiver agreement.

Next, applying Florida law, the district court correctly concluded that the waiver agreement barred Costello's negligence claim. The waiver agreement concerned injuries Costello could suffer at the event and expressly waived her right to sue for harm caused by negligence. *See Banfield v. Louis*, 589 So. 2d 441, 444 (Fla. Dist. Ct. App. 1991) (per curiam) ("[W]aiver or exculpatory clauses, although not looked upon with favor, are valid and enforceable … if the intent to relieve a party of its own negligence is clear and unequivocal."). The waiver contained a specific list of absolved parties by capacity, including "vehicle owners," "pit crews," and "agents and employees of each of them," under which Defendants are covered. *See id.* at 445 ("A waiver that identifies parties by capacity is sufficient to absolve those parties from liability as a matter of law.").

3

Finally, applying Nevada law, the district court correctly granted summary judgment on Costello's gross negligence claim. The record evidence does not show that Alexander failed to exercise even the slightest degree of care when pulling the generator cart, particularly when he pulled the cart at a walking pace and tried to navigate around people. *See Hart v. Kline*, 116 P.2d 672, 674 (Nev. 1941) ("Gross negligence is equivalent to the failure to exercise even a slight degree of care." (quoting *Shaw v. Moore*, 162 A. 373, 374 (Vt. 1932)). Thus, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law.

**AFFIRMED.**

4